AO 245D (Rev 12/10) Judgment in a Criminal Case for Revocations Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Adrian Dann** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **1:04CR01895-001JB**<br>USM Number: **26782-051**<br>Defense Attorney: **Richard Winterbottom, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **SC**  of the term of supervision.
☐  was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Standard Condition: "The defendant failed to report to the probation officer and submit a truthful and complete written report within the first 5 days of each month." | 02/05/2012 |

The defendant is sentenced as provided in pages 1 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **4183**<br>Last Four Digits of Defendant's Soc. Sec. No. | **August 14, 2012**<br>Date of Imposition of Judgment |
| **1976**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Albuquerque, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **August 14, 2012**<br>Date Signed |

Defendant: **Adrian Dann**
Case Number: **1:04CR01895-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **39 days or time served, whichever is less** .

On May 11, 2007, the Court sentenced Defendant Adrian Dann to a sentence of 70 months for violation of 21 U.S.C. § 841(b)(1)(B), that being possession with intent to distribute 50 grams and more of a substance containing methamphetamine. See Petition for Revocation of Supervised Release at 1, filed February 15, 2012 (Doc. 90)("Petition"). The Court imposed a term of 4-years supervised release. See Petition at 1. One of the conditions of supervised release with which Dann has to comply is as follows: "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." Petition at 1. On February 15, 2012, the United States Probation Office filed its Petition for revocation of supervised release on the basis that Dann had violated this condition. See Petition at 1. It asserted that Dann violated the condition when he failed to submit his February, 2012, monthly report to his probation officer, Rebecca Wilcox, and that Ms. Wilcox "has been unable to contact the defendant despite repeated attempts via mail or phone and his whereabouts are unknown." Petition at 1.

The Court finds that Dann violated the conditions of supervision by failing to report to the probation officer and submit a truthful and complete written report within the first five days of the month. Revocation is not mandatory for this violation. Because Dann has violated a term of his supervised release, his violation is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Dann`s criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of V. A Grade C violation and a criminal history category of V yields a guideline imprisonment range of 7 to 13 months. A term of five years supervised release less any imprisonment time served may be imposed, as the most serious underlying offense is a Class B felony.

The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Dann`s violations. The Court then considered the kinds of sentences and ranges that the guidelines set forth. The Court agrees with the parties that a sentence of 39 days or time served, whichever is less, is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. The Court notes that Dann committed no criminal violations as part of his violation of supervised release. Dann initially did well on supervised release; he was working and seeking counseling. Dann`s violation stems from a move back to the Navajo reservation without a support system in place. Dann has a job lined up in Albuquerque, New Mexico, and the Court believes that supervised release provides the best mechanism to help rehabilitate him. While the sentence is significantly below a guideline sentence, the Court concludes that it avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because Dann did not violate state or federal law, and the Court wants to build on the rehabilitation that Dann has accomplished. The Court believes it is most important to impose conditions that will provide him with some education, training, and care to ensure that Dann continues to have success on supervised release. To further those goals, the Court will also impose a requirement that Dann spend 3 months at a residential re-entry center so that he can establish himself in the community and have the benefit of a stable support system upon his release. Plaintiff United States of America agreed that the Court should not sentence Dann to further incarceration, because of his success on supervision, and that a period of time at a halfway house would be helpful. Accordingly, because Dann did not violate state or federal law, and because Dann has had some success on supervised release, the Court will vary to a sentence of 39-days imprisonment or time served, whichever is less. This violation is Dann`s first, and while relatively serious, does not warrant incarceration, which could disrupt his rehabilitation and ability to adapt to society after a lengthy incarceration. The 39 days he has spent in prison is sufficient to get his attention about how seriously the Court takes compliance with supervised release.

The Court finds that a time-served sentence fully and effectively reflects the factors set forth in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most

important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Dann to 39-days imprisonment or time served, whichever is less.

☐ The court makes these recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 3 Supervised Release

Judgment Page 4 of 5

Defendant: **Adrian Dann**
Case Number: **1:04CR01895-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is to be a condition of supervised release that the defendant pay in accordance with Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Adrian Dann**
Case Number: **1:04CR01895-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.

The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotic substances, drug paraphernalia, or any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.

The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Office.

The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.

The Defendant shall reside at and complete a program at a Residential Re-Entry Center approved by the probation officer for a period of 3 months.